**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**DILLON CAGE**                                                                        **CIVIL ACTION**

**VERSUS**

                                                                                                  **NO. 25-1076 -JWD-EWD**

**FRANK J. BISIGNANO**

<u>**NOTICE**</u>

      Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

      ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

      Signed in Baton Rouge, Louisiana, on June 4, 2026.


                         **ERIN WILDER-DOOMES**
                         **UNITED STATES MAGISTRATE JUDGE**

D. Cage by regular and by certified mail return receipt requested nos. 7020 0640 0001 4750 5753 and 7020 0640 0001 4750 5760

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**DILLON CAGE**                                                                    **CIVIL ACTION**

**VERSUS**

                                                                                    **NO. 25-1076 -JWD-EWD**

**FRANK J. BISIGNANO**

**MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER**

Before the Court is the "Notice of Motion," which will be considered as a Motion for Entry

of a Temporary Restraining Order and Preliminary Injunction based on the relief sought ("TRO"),[1]

as well as a number of other motions,[2] filed by Dillon Cage ("Plaintiff"), who is representing

himself. Also before the Court is the Motion to Dismiss Under Rule 12(b)(1) of the Federal Rules

of Civil Procedure ("Motion to Dismiss"), filed by Defendant, the Commissioner of the Social

Security Administration, Frank J. Bisignano ("SSA" or "Commissioner").[3] Because Plaintiff has

not exhausted his administrative remedies in seeking a continuance of his benefits under the Social

Security Act, it is recommended[4] that the Motion to Dismiss be granted, dismissing this action

without prejudice.  Considering that recommendation, the TRO and all other pending motions will

be terminated as moot, without prejudice to Plaintiff's right to re-urge them if the case is not

dismissed.

---

[1] R. Doc. 2. Documents filed into the record of this case are referred to as "R. Doc. __."

[2] R. Docs. 16, 18, 21, and 22, discussed below.

[3] R. Doc. 11.

[4] The TRO was referred to the undersigned for Report and Recommendation. R. Doc. 13. Pursuant to 28 U.S.C. § 636(b)(1), motions to dismiss may also be referred for Report and Recommendation. *See, e.g.*, *Morris v. Sorenson,* No. 16-71, 2016 WL 11554107, at *1 (W.D. Tex. Dec. 1, 2016) (adopting the magistrate judge's reports and recommendations on motions to dismiss referred per the statute).

## I.     PROCEDURAL HISTORY

On December 1, 2025, Plaintiff filed his Complaint in this Court seeking judicial review of an adverse decision of the SSA terminating his supplemental security income ("SSI") benefits.[5] That same day, Plaintiff filed for entry of a TRO, restraining the SSA from terminating his SSI benefits or requiring SSA to reinstate his terminated benefits, until the Court rules on his request for a preliminary injunction.[6] On March 10, 2026, the SSA filed the Motion to Dismiss, seeking dismissal of this proceeding, in its entirety, due to Plaintiff's failure to exhaust his administrative remedies.[7]  In support of the Motion to Dismiss, the SSA relies on the Declaration of Lesha Cowell ("Cowell"), Chief of Court Case Preparation and Review Branch 4 of the Office of Disability Adjudication ("ODA") of the SSA (the "Declaration"). Cowell's Declaration is made under

---

[5] R. Doc. 1. The Court facially appeared to have subject matter jurisdiction under 42 U.S.C. § 405(g), which provides for judicial review of the SSA's final benefits decisions. Attached to the Complaint are forty-one pages of exhibits, including correspondence to and from the SSA regarding Plaintiff's benefits; from the Louisiana Department of Health ("LDH") regarding Medicaid benefits; to and from the Louisiana Workforce Commission, Office of Workforce Development, Louisiana Rehabilitation Services ("LRS") regarding vocational rehabilitation services; and Plaintiff's Section 504 Individual Accommodation Plan ("IAP") from his high school. R. Doc. 1, pp. 9-43.  The Complaint does not allege any claims against the LDH, the LRS, or the high school, and the correspondence from LDH and LRS, and the IAP, do not appear relevant to the issue of whether Plaintiff exhausted his administrative remedies with the SSA in connection with his SSA benefits.  Similarly, the Notice of Class Action Settlement that Plaintiff received from the SSA is not relevant to the issue of whether he exhausted his administrative remedies.

[6] R. Doc. 2, p. 1 (seeking an order enjoining the SSA from terminating Plaintiff's benefits) *but see* pp. 2-3 (stating that the termination of Plaintiff's benefits has injured him). Plaintiff's request for a TRO is procedurally defective for lack of compliance with Federal Rule of Civil Procedure 65 and Local Civil Rule 65. Fed. R. Civ. P. 65 provides: "(b) Temporary Restraining Order. (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Local Civil Rule 65 provides: "An application or a motion for a temporary restraining order or for a preliminary injunction shall be made in a document separate from the complaint and if not, may not be considered by the Court. An application for a temporary restraining order shall be accompanied by a certificate of the applicant's attorney, or by an affidavit, or by other proof satisfactory to the Court, stating (1) that actual notice of the time of making the application, and copies of all pleadings and other papers filed in the action to date or to be presented to the Court at the hearing, have been furnished to the adverse party's attorney, if known, otherwise to the adverse party; or (2) the efforts made by the applicant to give such notice and furnish such copies."

[7] R. Doc. 11.  The SSA was given an extension of time to respond to Plaintiff's filings. R. Docs. 7, 9.

penalty of perjury pursuant to 28 U.S.C. § 1746,[8] and has several documents from Plaintiff's SSA record attached.[9]

Plaintiff did not timely oppose the Motion to Dismiss.[10] However, on May 5, 2026, and without seeking leave of Court, Plaintiff filed his opposition to the Commissioner's Motion to Dismiss.[11] On the same day or shortly thereafter, Plaintiff also filed several other motions, including a Motion for Immediate Reinstatement of Benefits ("Motion for Reinstatement") and substantively similar Motion for Summary Judgment ("MSJ") and Motion/Request for Judicial Notice ("Judicial Notice"), all of which seek the same relief as sought in the TRO;[12] as well as a Motion to Supplement the Record,[13] a Request for Hearing Waiver,[14] a Motion for Expedited Relief of the Motion to Dismiss;[15] and a Motion to Seal Plaintiff's Address ("Motion to Seal"), filed under seal.[16] On May 23, 2026, an Order was issued denying several of these filings as unnecessary and striking one as duplicative.[17] However, in light of Plaintiff's assertions in his

---

[8] R. Doc. 11-2.

[9] R. Doc. 11-3 through R. Doc. 11-7.

[10] Local Civil Rule 7(f) provides that the deadline to file opposition memoranda and supporting evidence is twenty-one days after service of the motion. Plaintiff also received three more days to file his opposition by operation of Rule 6(d) because the SSA served Plaintiff with the Motion to Dismiss by U.S. Mail. R. Doc. 11-1, p. 6. As the twenty-fourth day fell on a Saturday, Plaintiff's opposition memorandum was due on or before April 6, 2026, the next business day.

[11] R. Doc. 14.

[12] R. Docs. 16, 19, 21.

[13] R. Doc. 15.

[14] R. Doc. 17.

[15] R. Doc. 18.  The Motion for Expedited Relief seeks expedited review of the Motion to Dismiss and/or review of Plaintiff's opposition. *Id.* at pp. 1-2.  Plaintiff also filed a "Notice of Filing," which purports to give notice of the filing of Plaintiff's signed declaration, but no declaration was attached. R. Doc. 20.

[16] R. Doc. 22.  The Motion to Seal seeks to have Plaintiff's new address, which is indicated on a Notice of Change of Address form (filed at R. Doc. 22, p. 5 and R. Doc. 22-2), sealed from public view pursuant to Rule 5.2(e) based on Plaintiff's impairments and unstable housing conditions. Plaintiff contends that disclosure of his location creates safety concerns and exposes his sensitive personal information. R. Doc. 22, p. 2. As the case is premature, all pending motions will be terminated, but a copy of this Report will be sent to Plaintiff at his updated address, and the Clerk of Court will be ordered not to disclose the updated address on the proof of mailing filed in the docket.

[17] R. Doc. 23 (May 11, 2026 Order striking the Judicial Notice as duplicative of other filings; denying the Motion to Supplement the Record because the record has not been filed with the Court; and denying the Request for Hearing Waiver because no hearing has been ordered).

opposition memorandum that that he sought review by the Appeals Council (without providing any information regarding whether the Appeals Council issued a decision), the Court ordered the SSA to file a reply brief addressing the status of the administrative proceedings.[18] If the administrative proceedings were exhausted after the filing of this proceeding, the SSA was also ordered to address whether Plaintif's premature filing of this proceeding had been cured.[19] On May 22, 2026, the SSA filed its Reply Memorandum in Support of its Motion to Dismiss, as supported by Cowell's May 11, 2026 Declaration ("Second Declaration"), which attests that the administrative proceedings have not been exhausted.[20]

The issue before the Court is whether Plaintiff has exhausted his administrative remedies as required to proceed with an SSA appeal and/or to seek a TRO by this Court to challenge the termination of his benefits. The issue is ripe for decision based on the undisputed evidence presented by the SSA. Further briefing and oral argument are not necessary.

## II.    LAW AND ANALYSIS

### A.  Legal Standard For Rule 12(b)(1) Motions

A Rule 12(b)(1) motion seeks dismissal of the complaint on the grounds that the Court lacks subject matter jurisdiction.[21] "Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[22] "Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks

---

[18] R. Doc. 23.

[19] *Id.*

[20] R. Docs. 26 and 26-1.

[21] Rule 12(b)(1) provides: "(b) How to Present Defenses**.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction."

[22] *Griener v. United States,* 900 F.3d 700, 702–03 (5th Cir. 2018), citing *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).

the statutory or constitutional power to adjudicate' the claim."[23] "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[24] "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."[25] "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."[26]

### B. The Administrative Proceedings

The following facts are taken from Cowell's unobjected-to Declaration and Second Declaration,[27] as well as from the February 26, 2026 decision of Administrative Law Judge ("ALJ") Karen Wiedemann.[28]

---

[23] *Griener,* 900 F.3d at 703, citing *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d at 286 (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)); *see also Tubesing v. United States*, 810 F.3d 330, 332 (5th Cir. 2016) (affirming a district court's dismissal for lack of subject-matter jurisdiction because a plaintiff's FTCA claims were precluded by the CSRA). Further, "[a] motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)." *Spinosa v. Foremost Ins. Co. Grand Rapids, Michigan,* No. 23-1226, 2024 WL 3245611, at *1 (M.D. La. June 28, 2024), *aff'd,* No. 24-30472, 2025 WL 304530 (5th Cir. Jan. 27, 2025), (citing *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992)).

[24] *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001), citing *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996).

[25] *Ramming*, 281 F.3d at 161, citing *McDaniel v. United States,* 899 F.Supp. 305, 307 (E.D.Tex.1995) and *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980).

[26] *Ramming,* 281 F.3d at 161, citing *Home Builders Ass'n of Miss., Inc.,* 143 F.3d at 1010. However, "[t]he court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Ramming,* 281 F.3d at 161, citing *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curiam).

[27] R. Doc. 11-2 and R. Doc. 26-1. Cowell attests that the ODA of the SSA administers nationwide hearings and appeals; the ODA includes the ALJ and the Appeals Council; Cowell is responsible for processing SSA claims whenever a civil action has been filed in Louisiana; Plaintiff's official electronic case file was available to her; and, Cowell has personal knowledge of Plaintiff's electronic SSA record. *Id.*

[28] R. Doc. 11-7.

While Plaintiff was a minor, he applied for Title XVI benefits,[29] through his mother, on February 1, 2016.[30] The claim was allowed as of February 1, 2016, and continued through July 17, 2019.[31] On February 20, 2024, these benefits were discontinued.[32] Cowell's Declaration states that on February 24, 2024, Plaintiff filed for reconsideration of Plaintiff's original Title XVI claim, and the ALJ noted that the denial was upheld on reconsideration.[33]

Prior to the discontinuation of his original Title XVI benefits, Plaintiff filed an application for Title II child's insurance benefits on December 6, 2022. The Title II claim was denied on February 20, 2024.[34] Per the ALJ, on February 17, 2024, Plaintiff filed a new Title XVI application for SSI benefits,[35] which was also denied on February 20, 2024.[36] On March 16, 2024, Plaintiff filed for reconsideration of the Title II claim per Cowell's Declaration.[37] Both the Title XVI and II claims were denied on reconsideration on February 20, 2025.[38]

On April 7, 2025, Plaintiff filed a request for a hearing before an ALJ for review of the termination of his original benefits and the denial of his new benefit applications.[39] Then, on

---

[29] *Smith v. Berryhill,* 587 U.S. 471, 475 (2019) ("Today, the Social Security Act provides disability benefits under two programs, known by their statutory headings as Title II and Title XVI. See § 401 *et seq.* (Title II); § 1381 *et seq.* (Title XVI). Title II 'provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need.' *Bowen v. Galbreath*, 485 U.S. 74, 75 [] (1988). Title XVI provides supplemental security income benefits 'to financially needy individuals who are aged, blind, or disabled regardless of their insured status.' *Ibid.* The regulations that govern the two programs are, for today's purposes, equivalent. See *Sims v. Apfel*, 530 U.S. 103, 107, n. 2 [] (2000).").

[30] R. Doc. 11-3, p. 1.

[31] R. Doc. 11-2, ¶ 3(a); R. Doc. 11-3, pp. 1-2 and 10.

[32] R. Doc. 11-2, ¶ 3(a); R. Doc. 11-4, pp. 1, 13.

[33] R. Doc. 11-2, ¶ 3(c); R. Doc. 11-7, p. 4.

[34] R. Doc. 11-2, ¶ 3(b); R. Doc. 11-5, p. 2; R. Doc. 11-7, p. 4.

[35] R. Doc. 11-7, p. 4 (ALJ's decision, referencing a Title XVI application for SSI benefits, filed on February 17, 2024). However, Cowell's Declaration does not state that a new Title XVI application was filed. The SSA's entire administrative record was not filed in the docket so the discrepancy cannot be resolved.

[36] R. Doc. 11-7, p. 4.

[37] R. Doc. 11-2, ¶ 3(c).

[38] R. Doc. 11-2, ¶ 3(c); R. Doc. 11-7, p. 4. *See also* R. Doc. 11-6, p. 1, and R. Doc. 11-4, p. 1.

[39] R. Doc. 11-2, ¶ 3(d) and *see* R. Doc. 11-7, p. 4.

December 1, 2025, Plaintiff filed his Complaint in this Court, seeking judicial review of the SSA's adverse decision pertaining to his claim for "Title XVI SSI Benefits Continuation," as well as a TRO enjoining the SSA from terminating his benefits pending judicial review.[40] The hearing before the ALJ took place on December 17, 2025 (after Plaintiff's Complaint was filed in this Court), with Plaintiff and his mother in attendance. The ALJ issued her decision on February 26, 2026.[41] The ALJ reviewed the denial of both the Title XVI and Title II claims, and found that Plaintiff is not disabled.[42] Notably, the ALJ's decision explained that Plaintiff could file an appeal with the Appeals Council if he disagreed with the ALJ's decision, and explained the procedure for seeking an appeal, as well as the deadline to seek an appeal, which was May 4, 2026 (because the sixty-fifth day, May 2, 2026, fell on a Saturday).[43]

According to Cowell's Declaration, as of March 9, 2026 (the day before SSA filed its Motion to Dismiss), there was no request for review filed with the Appeals Council, and there was no record of the Appeals Council denying a request for review of the ALJ's decision.[44] The SSA seeks dismissal of Plaintiff's claims for failure to exhaust his administrative remedies, which Plaintiff did not timely oppose. A month after the opposition deadline expired, Plaintiff filed his opposition without seeking leave of Court.[45] Plaintiff's opposition alleges that the SSA's decision is flawed on several grounds, including violations of regulations and Plaintiff's due process rights, as well as mischaracterization of his claim and the evidence. Relevant to the issue of exhaustion, Plaintiff alleges that since he "submitted new and material evidence" and has the ALJ's decision,

---

[40] R. Docs. 1 and 2.

[41] R. Doc. 11-7, pp. 1, 4.

[42] R. Doc. 11-7, pp. 4-5, 17.

[43] R. Doc. 11-7, pp. 1-2 (ALJ's decision, which explained how to file an appeal with the Appeals Council; Plaintiff is presumed to receive the February 26, 2026 decision within five days of its date; and, Plaintiff must file a written appeal 60 days after Plaintiff receives the ALJ's decision).

[44] R. Doc. 11-2, ¶¶ 3(g), (h).

[45] Despite its tardiness, Plaintiff's opposition will be considered in light of Plaintiff's *pro se* status.

"a timely Appeals Council request," and "an Appeals Council acknowledgement," "[t]his constitutes a final decision under § 405(g)," and "[the] facts demonstrate that SSA—not Plaintiff— caused any alleged exhaustion defect."[46] Plaintiff further alleged that, under *Goldberg v. Kelly*,[47] "exhaustion is not required where the agency itself violates due process or where the challenge is the legality of the procedures used."[48] Notably, however, Plaintiff did not file any documentation showing that he sought review by the Appeals Council or that the Appeals Council denied his request for review.

In accordance with the Court's May 11, 2026 Order, the SSA's reply brief provided an update on the status of the administrative proceedings. The SSA confirmed that, per Cowell's Second Declaration and review of Plaintiff's SSA's file, Plaintiff filed a request for review of the ALJ's decision with the Appeals Council on March 21, 2026; the Appeals Council granted Plaintiff's request for more time to provide further argument or evidence on April 15, 2026; Plaintiff's request for review with the Appeals Council was still pending as of May 11, 2026, and there is no record of the Appeals Council denying a request for review of the ALJ's decision.[49] Thus, the SSA contends that dismissal is still warranted because the administrative proceedings have not been exhausted, and therefore, there is no final SSA decision over which the Court has

---

[46] R. Doc. 14, pp. 2-3, 5.

[47] 397 U.S. 254 (1970). In his Complaint, Plaintiff cites *Goldberg* with no explanation for why the case is relevant. R. Doc. 1-2, pp. 1, 27. Plaintiff's Memorandum in Support of his TRO alleges that Plaintiff is entitled to a TRO continuing his benefits because, per *Goldberg*, he is entitled to notice and hearing before his benefits can be terminated. R. Doc. 2-1, p. 2. Plaintiff's opposition also references the case as support for Plaintiff's claim that he was denied due process. R. Doc. 14, pp. 3-4. *Goldberg* held that procedural due process requires that a pretermination evidentiary hearing be held *when public assistance payments to welfare recipients* are discontinued. *Goldberg* does not concern Title XVI SSA benefits such as Plaintiff's, or the level of review required in connection with the termination of Title XVI SSA benefits. As explained herein, the Social Security Act and/or regulations require several stages of hearings throughout the administrative process that provide due process, which Plaintiff did not exhaust.

[48] R. Doc. 14, pp. 2-4.

[49] R. Doc. 26, p. 2; R. Doc. 26-1, pp. 2-2; R. Doc. 26-1, p. 6 (March 19, 2026 Request for Review of Hearing Decision/Order and to submit additional evidence or argument; *id.* at pp. 8-9 (Plaintiff's grounds for seeking review by the Appeals Council); and p. 20 (SSA's April 15, 2026 letter granting Plaintiff's request to send more information, and stating that the SSA would not take any action on Plaintiff's case for 25 days from the date of the letter).

jurisdiction to review under § 405(g). The SSA further argues that, even if the Appeals Council renders a decision while this case is pending, this Court would still not have jurisdiction "because jurisdiction is analyzed based 'on the state of facts that existed at the time of filing' suit," and at the time of filing this suit, Plaintiff had not exhausted his administrative remedies.[50]

**C. Plaintiff's SSA Appeal Should be Dismissed Because Plaintiff Failed to Exhaust His Administrative Remedies and Plaintiff's Request for a TRO, and all Other Pending Motions, Should Be Terminated as Moot**

Per 42 U.S.C. § 405(g), judicial review by federal courts of an SSA benefit determination, which is what Plaintiff seeks here, is only authorized over a "**final decision** of the Commissioner of Social Security made after a hearing to which he was a party…."[51] While the Social Security Act does not define "final decision," the Social Security Regulations set forth the necessary administrative steps that a claimant must take to obtain judicial review, as follows:

> (a) Explanation of the administrative review process. This subpart explains the procedures we follow in determining your rights under title XVI of the Social Security Act. The regulations describe the process of administrative review and explain your right to judicial review after you have taken all the necessary administrative steps. The administrative review process consists of several steps, which usually must be requested within certain time periods and in the following order:

---

[50] R. Doc. 26, p. 3, citing *Ashford v. Aeroframe Servs., L.L.C.,* 907 F.3d 385, 386 (5th Cir. 2018) (holding that federal diversity jurisdiction "depends upon the state of things at the time of the action brought.") (other citations omitted) and citing *Beaver v. Mountain View Corr. Inst.,* No. 07-03, 2007 WL 74695, at *1 (W.D.N.C. Jan. 8, 2007) ("When considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss.") (other citation omitted).

[51] *Smith,* 587 U.S. at 475 ("…§ 405(g) sets the terms of judicial review for [Title XVI and Title II claims]. See § 1383(c)(3).") (emphasis added). *See also Chambers v. Berryhill,* No. 19-1062, 2020 WL 5099829, at *4 (N.D. Tex. Aug. 12, 2020), report and recommendation adopted sub nom. *Chambers v. Soc. Sec., Admin.,* No. 19-1062, 2020 WL 5094684 (N.D. Tex. Aug. 29, 2020), aff'd sub nom. *Chambers v. Kijakazi,* 86 F.4th 1102 (5th Cir. 2023) (" 'Section 405(h) purports to make exclusive the judicial review method set forth in § 405(g).' *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000). It provides as follows:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as [provided in § 405(g)]. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."

(1) Initial determination. This is a determination we make about your eligibility or your continuing eligibility for benefits or about any other matter, as discussed in § 416.1402, that gives you a right to further review.

(2) Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.

(3) Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.

(4) Appeals Council review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.

(5) **Federal court review. When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court.**[52]

"Modern-day claimants must generally proceed through a four-step process before they can obtain review from a federal court."[53] "First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council. If a claimant has proceeded through all four

---

[52] 20 C.F.R. § 416.1400(a)(1)-(5) (emphasis added). Subsection (6) of 20 C.F.R. § 416.1400 provides for express appeals, which involve constitutional challenges to Social Security Act provisions. While Plaintiff's opposition alleges that exhaustion is not required when there is a constitutional challenge, the only potential constitutional challenge that he raises is denial of his due process rights, citing *Goldberg*. R. Doc. 14, pp. 2-4. *See* the discussion above distinguishing *Goldberg*. Moreover, the facts alleged by Plaintiff demonstrate that Plaintiff was not denied due process rights during the SSA proceedings because Plaintiff's requests for review throughout the proceedings have been granted, including his request for an ALJ hearing and request for Appeals Council review, as well as additional time to submit evidence. While Plaintiff complains of "delayed notices" and "suppressed deadlines," (*id.* at pp. 4-5), Plaintiff's allegedly delayed receipt of correspondence and dissatisfaction with SSA deadlines are not denials of due process. As it stands, the Appeals Council granted Plaintiff's request for additional time to provide information and/or argument, so the current delay in the progress of the administrative proceedings is at least in part based on Plaintiff's request for additional time.

[53] *Smith,* 587 U.S. at 475–76 and R. Doc. 11-1, p. 3.

steps on the merits, all agree, § 405(g) entitles him to judicial review in federal district court."[54] At the fourth stage, the claimant must seek review by the Appeals Council within sixty days of when he/she receives notice of the ALJ's hearing decision. A claimant can seek an extension of the sixty day time period, and the time period will be extended if the claimant shows good cause for missing the deadline.[55] The Appeals Council can either grant, deny, or dismiss a request for review of the ALJ's decision,[56] and if the Appeals Council denies such a request, then the denial is the SSA's final decision within the meaning of § 405(g), which is subject to judicial review.[57]

Significantly, 20 C.F.R. 416.1400(b) provides, in pertinent part, that, "If you are dissatisfied with our decision in the review process, but do not take the next step within the stated time period, you will lose your right to further administrative review and your right to judicial review, unless you can show us that there was good cause for your failure to make a timely request for review."

Here, SSA has asserted undisputed facts, which the Court can consider. Those facts establish that Plaintiff filed his case in this Court seeking judicial review of the denial and/or cessation of Title XVI benefits[58] without exhausting his administrative remedies, *i.e.*, at the time of filing, he had not sought review by the Appeals Council of the ALJ's decision.[59] While Plaintiff

---

[54] *Smith,* 587 U.S. at 476 citing 20 C.F.R. § 416.1400.

[55] 20 C.F.R. § 416.1468.

[56] 20 C.F.R. § 416.1467.

[57] 20 C.F.R. § 416.1481.

[58] The Complaint specifically seeks review of "Title XVI SSI Benefits Continuation"; thus, it does not appear that Plaintiff is seeking review of the denial of his Title II application; however, even if he were, he failed to exhaust his administrative remedies regarding the Title II claim, which was also considered by the ALJ. Plaintiff's Memorandum in Support of his TRO also challenges the SSA's attempt to recover overpaid SSA benefits and a "restrict[ion on] his advocate," which per the documents attached to the Complaint, involves a ban on Plaintiff's mother from entering SSA offices. R. Doc. 2-1, pp. 1-3 and *see* R. Doc. 1-2, p. 9. These actions are not alleged in Plaintiff's Complaint, which solely challenges the termination of Plaintiff's Title XVI benefits. Furthermore, the SSA's letter instituting the ban sets forth the applicable appeal procedures to challenge the ban. *Id.* at p. 10.

[59] Plaintiff's Complaint contains an unsigned June 27, 2025 letter, asserting good cause for a late appeal request, based on the delayed receipt of mail; however, that letter references submission of the appeal on April 7, 2025, which is when the SSA received Plaintiff's request for a hearing before the ALJ (that took place on December 17, 2025), as

11

has since sought review by the Appeals Council, the Appeals Council has not issued its decision on the request for review per Cowell's Second Declaration.[60] Finally, even if the Appeals Council were to issue its decision, that would still not cure the defect of Plaintiff's premature filing of this proceeding.[61]

Furthermore, SSA argues that Plaintiff has not demonstrated that this Court should waive the exhaustion requirement, as none of the circumstances traditionally considered as excusing the exhaustion requirement apply here, *i.e.*, "(1) the unexhausted administrative remedy would be plainly inadequate, (2) the claimant has made a constitutional challenge that would remain standing after exhaustion of the administrative remedy, (3) the adequacy of the administrative remedy is essentially coextensive with the merits of the claim (*e.g.*, the claimant contends that the administrative process itself is unlawful), and (4) exhaustion of administrative remedies would be futile because the administrative agency will clearly reject the claim."[62] Specifically in SSA cases, the Supreme Court has also considered futility of exhaustion, as well as whether irreparable injury will result if exhaustion is required, whether the claims raised before the court are collateral to the

---

noted in the ALJ's decision. R. Doc. 11-7, p. 4 and *see* R. Doc. 1-2, p. 24. As such, the appeal referenced in the June 27, 2025 letter (as well as in Plaintiff's Memorandum in Support of his TRO) was not a timely appeal directed to the Appeals Council because the ALJ had not yet issued her decision. R. Doc. 1-2, pp. 26 and R. Doc. 2-1, p. 2. Plaintiff's Memorandum in Support of his TRO also alleges a "suppression" of his appeal timeline despite his April 7, 2025 (and April 15, 2025) appeal submissions. R. Doc. 2-1, p. 2. However, as mentioned, the April 2025 appeal submissions relate to his request for a hearing with the ALJ, not the Appeals Council, and the ALJ hearing has already taken place. Per the SSA's Reply, Plaintiff has since sought review by the Appeals Council, which review is still pending. As Plaintiff's claims are still subject to review, Plaintiff has not asserted any irreparable injuries justifying a TRO.

[60] R. Doc. 26-1, p. 3 and R. Doc. 26-1, p. 20. Thus, according to Cowell, the Appeals Council is not able to prepare a certified administrative record in this case. *Id.* at p. 3.

[61] *See Ashford,* 907 F.3d at 386 (federal diversity jurisdiction "depends upon the state of things at the time of the action brought") and *Beaver,* 2007 WL 74695, at *1 ("When considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss.").

[62] *Taylor v. U.S. Treasury Dep't.,* 127 F.3d 470, 477 (5th Cir. 1997).

claims raised administratively for benefits, and whether the purpose of exhaustion, *i.e.*, preventing premature interference with the SSA's processes, would not be served by requiring exhaustion.[63]

Plaintiff has not shown a basis to be excused from the exhaustion requirement in this case. Plaintiff's constitutional due process challenge to the SSA proceedings lacks merit; Plaintiff has not alleged that the SSA would clearly reject his claim (particularly considering that the SSA previously approved his benefits); Plaintiff has not alleged sufficient facts to show that irreparable injury will result in having to await review by the Appeals Council;[64] Plaintiff's claims for benefits is central to the instant proceeding, not merely collateral to it; and, the purpose of exhaustion would be served by requiring Plaintiff to receive the Appeal Council's determination on his request for review, which if denied, would result in the preparation of a certified record that would then be ripe for judicial review under § 405(g).

Finally, Plaintiff's request for a TRO, enjoining the SSA from terminating his benefits, fails for the same reason.[65] The termination of benefits must be challenged through each step of the administrative process, which is not yet complete.[66] Plaintiff alleges that "SSA failed to follow

---

[63] *Bowen v. City of New York,* 476 U.S. 467, 484 (1986), citing *Mathews v. Eldridge,* 424 U.S. 319, 331 (1976) and *Chambers,* 2020 WL 5099829 at *6 ("The Supreme Court has approved three factors to consider in waiving the exhaustion requirement: (1) whether a claim is collateral to a demand for benefits, (2) whether exhaustion would be futile, and (3) whether the harm suffered pending exhaustion would be irreparable. *See Chamberlain v. Barnhart*, 382 F.Supp.2d 867, 872 (E.D. Tex. 2005) (citing *Mathews*, 424 U.S. at 330-32). 'The ultimate decision of whether to waive exhaustion should not be made solely by mechanical application of [these] factors, but should also be guided by the policies underlying the exhaustion requirement.' *Bowen*, 476 U.S. at 484.").

[64] While Plaintiff alleged irreparable harm in having to wait for the ALJ hearing in the form of housing instability, inability to access medical care, and disruption of rehabilitative services, he had not provided sufficient evidence to show irreparable harm. R. Doc. 2-1, p. 3. *See Guillory v. Chater,* 91 F.3d 140 (5th Cir. 1996) (affirming the district court's finding that the SSA's 33 month delay in deciding the plaintiff's request for reconsideration on his claim for retroactive benefits was not sufficient to show irreparable harm, without more). Furthermore, the record reflects that Plaintiff has a residential address, he was potentially eligible for Medicaid despite the cessation of his SSA benefits, and his access to LRS rehabilitative services ceased because Plaintiff failed to keep in contact with LRS. *See* R. Doc. 2-1, pp. 4, 6, and 14.

[65] Plaintiff primarily sought the TRO on the grounds that he could not wait until the December 17, 2025 ALJ hearing for a benefits determination. R. Doc. 2-1, p. 2. As the hearing has already occurred, the request for a TRO on this basis is moot. That said, the TRO is still addressed to the extent it was urged on other grounds.

[66] *See, e.g., Hallaron v. Colvin,* 578 Fed.Appx. 350, 353 (5th Cir. 2014) (judicial review of the SSA's termination of the plaintiff's SSI benefits).

DI 12027.000, which mandates continuation of benefits during appeal when the claimant is participating in an appropriate program of vocational rehabilitation, employment, training, education, or support services;"[67] however, this argument, and all others that Plaintiff has regarding the cessation of his benefits, must be timely raised before the Appeals Council.[68]

Accordingly, the SSA has demonstrated that Plaintiff failed to exhaust his administrative remedies, and Plaintiff has not demonstrated that the exhaustion requirement should be waived. As federal courts, which are courts of limited subject matter jurisdiction, do not have subject matter jurisdiction where an applicant does not exhaust his or her administrative remedies, it is recommended that Plaintiff's SSA appeal of the termination of his SSI benefits be dismissed, without prejudice, for lack of subject matter jurisdiction.[69] In light of that recommendation, Plaintiff's request for a TRO enjoining the SSA from discontinuing his SSI benefits, and all other pending Motions, will be terminated without prejudice to Plaintiff's right to re-urge them if this Report and Recommendation is not adopted.

## III. RECOMMENDATION

According to the SSA's undisputed electronic record of Plaintiff's benefits file, at the time Plaintiff filed this suit, he had not exhausted his administrative remedies by seeking Appeals

---

[67] R. Doc. 2-1, p. 2. Substantively, this argument appears to have little merit because Plaintiff admits that he "disconnect[ed]" from his participation in a vocational program due to the denial of his benefits. *See also* R. Doc. 1-2, p. 14 (LRS correspondence stating that Plaintiff's LRS case record was being closed due to lack of client contact).

[68] Plaintiff's opposition arguments regarding, for example, the SSA's consideration or exclusion of testimony and evidence; the ALJ's errors, including the misapplication of SSA rules and regulations; the SSA's misconduct; and Plaintiff's ability to perform other work are all arguments that should be presented to the Appeals Council. R. Doc. 14.

[69] *See Betty Verdin v. Social Security Administration,* No. 24-530, 2025 WL 4072370, at *2-3 (M.D. La. Mar. 26, 2025) (finding no basis to exercise jurisdiction over claim where there was no final agency decision because the claimant had not exhausted administrative remedies before filing suit) (citing *Amos v. Palmetto Government Benefit Adm'r*, 122 Fed.Appx. 105, 110 (5th Cir. 2005) (citing *Weinberger v. Salfi,* 422 U.S. 749, 764 (1975) (holding that when a party is required to exhaust administrative remedies before filing suit, a final administrative decision is a jurisdictional prerequisite to suit)). *See also Chambers,* 2020 WL 5099829 at *6 ("Because a final decision has not been made by the SSA on any of these claims, Plaintiff has not exhausted his administrative remedies. *See Sims*, 530 U.S. at 106-07; *Caesar v. Barnhart*, 191 Fed. Appx. 304, 304 (5th Cir. July 24, 2006) ('A Social Security claimant must exhaust administrative remedies before seeking review in federal court.').").

Council review of the ALJ's February 26, 2026 decision. Since this case has been pending, Plaintiff has sought Appeals Council review; however, the Appeals Council has not rendered a decision. Even were the Appeals Council to render a decision now, however, that would not cure the defect of Plaintiff's premature filing. There is no final decision of the SSA over which this Court can exercise subject matter jurisdiction, and Plaintiff has not shown that any appropriate circumstances exist to relieve him from the exhaustion requirement.

Accordingly,

**IT IS RECOMMENDED** that the Motion To Dismiss Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, filed by the Commissioner of the Social Security Administration Frank J. Bisignano,[70] be **GRANTED,** as Plaintiff Dillon Cage has failed to exhaust his administrative remedies relating to the cessation of his SSA benefits and subsequent applications for benefits, and this matter be **DISMISSED WITHOUT PREJUDICE,** in its entirety.

In light of the recommendation for dismissal of the case,

**IT IS ORDERED** that the pending Notice of Motion[71] (considered as a Motion for Entry of Temporary Restraining Order and Preliminary Injunction to enjoin the Commissioner of the Social Security Administration from terminating Plaintiff's benefits), as well as the substantively similar Motion for Immediate Reinstatement of Benefits,[72] Motion for Expedited Relief,[73] Motion for Summary Judgment,[74] and Motion to Seal Plaintiff's Address,[75] all filed by Plaintiff Dillon

---

[70] R. Doc. 11.

[71] R. Doc. 2.

[72] R. Doc. 16.

[73] R. Doc. 18.

[74] R. Doc. 21.

[75] R. Doc. 22.

Cage, are **TERMINATED AS MOOT,** subject to Plaintiff's right to re-urge them if the case is not dismissed.

**IT IS FURTHER ORDERED** that a copy of this Report and Recommendation be sent to Plaintiff Dillon Cage, as his address of record on PACER, **INCLUDING to the new address that is currently filed under seal at R. Doc. 22-2,** by regular mail and by certified mail, return receipt requested. The Clerk of Court **SHALL NOT** display Plaintiff's updated, sealed address on the docket sheet of this case or on the proof of mailing of this Report, Recommendation, and Order that is filed into the docket.

Signed in Baton Rouge, Louisiana, June 4, 2026.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**